IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D.A. SCHOGGIN, INC, d/b/a TECHLIGHT, | § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. **3:19-CV-02830-L** |
| ARROW ELECTRONICS, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Amended Motion for Reconsideration of Court's Order Denying Leave to Amend Plaintiff's Original Complaint (Doc. 43), filed January 20, 2021. After careful consideration of the motion, brief, response, reply, pleadings, record, and applicable law, the court **denies** Plaintiff's Amended Motion for Reconsideration of Court's Order Denying Leave to Amend Plaintiff's Original Complaint (Doc. 43) and **grants** Plaintiff leave to **amend** its Original Complaint ("Complaint") (Doc. 1), as to Count IV (Breach of Contract). The amended pleading must be filed by **November 22, 2021**.

### I.   Factual and Procedural Background

On November 29, 2019, D.A. Schoggin, Inc. d/b/a Techlight ("Plaintiff" or "Techlight") filed its Complaint against Arrow Electronics, Inc. ("Defendant" or "Arrow"), asserting four causes of action: Count I (Breach of Implied Warranty of Merchantability Under Tex. Bus. & Comm. Code § 2.314); Count II (Breach of Implied Warranty of Fitness Under Tex. Bus. & Comm. Code § 2.315); Count III (Violation of the Texas Deceptive Trade Practices Act); and Count IV (Breach of Contract). The Complaint alleges that:

**Memorandum Opinion and Order – Page 1**

> Techlight manufactures high-quality outdoor lighting products called luminaires. In 2016, Arrow agreed to sell Techlight 10,000 printed circuit boards ("PCBs"), each containing eight (8) mounted light-emitting diodes ("LEDs"), Techlight part number 101027 (the "Arrow PCBs"), at $34.90 each. Techlight incorporated the Arrow PCBs into certain of its luminaires that were sold to customers beginning in late 2016. By December 2018, Techlight was notified that a large number of its luminaires had stopped functioning. Upon inspecting a number of these failed luminaires, Techlight discovered that the LEDs on the Arrow PCBs had stopped functioning, and in many cases had released from the PCB itself. A third-party lab's 3-D x-ray inspection of over thirty (30) of the failed Arrow PCBs revealed them to contain massive solder voids behind the LED thermal pads as well as on the anode and cathode pads. These solder voids made the Arrow PCBs fatally defective and caused Techlight's luminaires to fail. To address the situation with its customers, Techlight was forced to replace the defective Arrow PCBs at significant cost. In addition, Techlight's reputation was harmed with at least one of its customers as a result of the failed Arrow PCBs, causing Techlight to lose significant additional sales. Despite being given the opportunity to correct its mistake and make the situation right with Techlight, Arrow has refused to take responsibility for its defective Arrow PCBs, forcing Techlight to bring this suit to recoup its losses.

Pl.'s Compl. 1-2, ¶ 1.

On January 20, 2020, Defendant filed two amended motions. First, it filed an Amended Motion to Transfer Venue (Doc. 19), seeking to transfer this case to the Southern District of New York. Second, Arrow filed an Amended Motion to Dismiss Counts I, II and III (Doc. 22), seeking dismissal for failure to state a claim under New York law. In its Memorandum Opinion and Order (the "Order") (Doc. 33), filed on November 30, 2020, the court denied Defendant's Amended Motion to Transfer and granted Defendant's Amended Motion to Dismiss as to Counts I, II, and III of Plaintiff's Complaint. The court also denied Techlight leave to amend its pleadings as to those counts, based on a determination that "recovery is precluded as to Counts I, II, and III as a matter of law under the terms of the contract between the parties." Order at 17. In the Order, the court also determined that Arrow's Custom Product Proposal (the "Proposal") "is the contract that governs this case." Order at 8.

**Memorandum Opinion and Order – Page 2**

Plaintiff now asks the court to reconsider its decision to deny Plaintiff leave to amend, and grant it leave to file its First Amended Complaint for two reasons:

> (1) the Court's interpretation of the Proposal renders the Proposal illusory and void and unenforceable, such that Techlight's Counts I through III . . . are viable; and (2) . . . to make explicit the allegation that the Proposal's limited remedies fail for their essential purpose under TEX. BUS. & COMM. CODE § 2.719(2) in connection with its breach-of-contract claim . . . .

Pl.'s Mot. 1-2; *see* Pl.'s Br. in Supp. of Am. Mot. for Recons. of Ct.'s Order Den. Leave to Am. Pl.'s Original Compl. ("Pl.'s Br."). For the reasons set forth herein, the court **denies** Plaintiff leave to amend its Complaint as to Counts I, II, and III, and **grants** Plaintiff leave to amend its pleadings as to Count IV.

## II.    Legal Standard for a Motion to Reconsider Before Final Judgment

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration; however, Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[] at any time" "any order or other decision . . . [that] does not end the action." *Austin v. Kroger Texas, L.P.*, 846 F.3d 326, 336 (5th Cir. 2017) (citing Fed. R. Civ. P. 54(b)); *see S.E.C. v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (Fitzwater, C.J.) (citing *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.)) ("In the case of an interlocutory order, 'Federal Rule of Civil Procedure 54(b) governs whether the court reconsiders its ruling.'"); *see also Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2016) (holding that "[b]ecause the order granting partial summary judgment was interlocutory, the court should have analyzed the motion for reconsideration under Rule 54(b) instead of Rule 59(e), which applies to final judgment."). Pursuant to Rule 54(b): "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or

the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The parties do not dispute that the court's Order was interlocutory. *See* Pl.'s Br. 3; Def.'s Opp'n to Pl.'s Am. Mot. for Recons. of Ct.'s Order Den. Leave to Am. Pl.'s Original Compl. ("Def.'s Opp'n") at 3-4. "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos*, 651 F. Supp. 2d at 553 (citation omitted). The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Cuban*, 2013 WL 1091233, at *2 (citations omitted).

### III.  Discussion

#### A.  Interpretation of the Contract

Plaintiff first asks the court to allow it to amend its Complaint based on what it states is "the Court's interpretation of the Proposal [that] renders the Proposal illusory and void and unenforceable, such that Techlight's Counts I through III . . . are viable."[*] Pl.'s Mot. 1-2. In

---

[*] The relevant portion of the Proposal to which Plaintiff refers states:

> Customer's exclusive remedy, if any, under these warranties is limited, at Seller's election, to any one of (a) refund of customer's purchase price, (b) repair by Seller or the manufacturer of any products found to be defective, or (c) replacement of any such product. Customer acknowledges that except as specifically set forth or referenced in this paragraph, THERE ARE NO REPRESENTATIONS OR WARRANTIES OF ANY KIND (INCLUDING, WITHOUT LIMITATION, IN ADVERTISING MATERIALS, BROCHURES, OR OTHER DESCRIPTIVE LITERATURE) BY SELLER OR ANY OTHER PERSON, EXPRESS OR IMPLIED, AS TO THE CONDITION OR PERFORMANCE OF ANY PRODUCTS, THEIR MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE. SELLER ASSUMES NO RESPONSIBILITY OR LIABILITY WHATSOEVER FOR MANUFACTURER'S PRODUCT SPECIFICATIONS OR THE PERFORMANCE OR ADEQUACY OF ANY DESIGN OR SPECIFICATION PROVIDED TO SELLER BY OR ONBEHALF OF CUSTOMER. Use of the customer's part number on any document or on any products is

response, Arrow contends that this argument is "baseless" and does not "indicate any 'clear error' warranting reconsideration." Def.'s Opp'n 6. The court takes issue with Plaintiff's characterization of its Order regarding the "interpretation" of the Proposal. In its order, the court did not provide any such "interpretation" of the Proposal. To the contrary, it determined that "the Proposal is the contract that governs this case," Order at 8, and recognized that "Defendant's offer and Plaintiff's acceptance [] occurred in a manner sufficient to show an agreement between the parties." *Id.* at 11.

Moreover, Techlight's contention that the court interpreted the Proposal "to mean that Techlight may have no remedy whatsoever, even if Arrow sold it defective PCBs in violation of the Proposal's express warranty provision," Pl.'s Br. 1, is a misstatement of the court's determination. The court clearly stated that "*Defendant may argue* that 'if any' means Plaintiff was not guaranteed any remedy at all. This possibility, however, does not negate that Plaintiff has pleaded a legally cognizable claim." Order at 17 (emphasis added). Plaintiff misconstrues this statement as an "interpretation" of the Proposal by *the court* that renders the Proposal "an illusory contract that is void and unenforceable." Pl.'s Br. 2. The court made no such interpretation. As set forth by Plaintiff, this misunderstanding or misrepresentation of the Order is the crux of its request for leave to amend its pleadings as to Counts I through III. The court will not, therefore,

---

for convenience only and does not constitute any representation by Seller with respect to the performance, specifications, or fitness of any part for any purpose.

If not already provided, a complete list of the Terms and Conditions are available upon request.

Arrow's Custom Product Proposal at 4 (capitalization in original); Def.'s App. in Supp. of Mot. to Dismiss (Doc. 17) at 5.

**Memorandum Opinion and Order – Page 5**

reconsider the Order, and will not allow Techlight to amend its Complaint as to Counts I, II, and III. Additionally, the court admonishes Plaintiff against using such a misrepresentation as the basis for an attempt to simultaneously circumvent its ruling that the "agreed-upon terms and conditions [of the Proposal] warrant the dismissal" of Counts I, II, and III of the Complaint, Order at 16, and replead dismissed claims.

### B.  Amendment of Pleadings at to Count IV

Plaintiff also asks the court for leave to amend its Complaint as to Count IV (Breach of Contract) "to explicitly assert that the limited remedies in the Proposal fail for their essential purpose based on the facts and circumstances alleged" in the Complaint.  Pl.'s Br. 6.  In essence, Arrow argues that this argument is "without merit," as the "'contracting parties can limit their liability in damages to a specified amount.'"  Def.'s Opp'n 7-8 (citing *Global Octanes Texas, L.P. v. BP Expl. & Oil Inc.*, 154 F.3d 518, 523 (5th Cir. 1998)).  The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted).  In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Here, there is no basis for a determination of undue delay in Techlight's request for leave to amend. Following the filing of the Order on November 30, 2020, Plaintiff filed this motion requesting leave to amend on January 20, 2021. As set forth in the court's Scheduling Order (Doc. 38), filed on December 29, 2020, the deadline for amendment of pleadings was April 28, 2021. Therefore, the court determines that there was no undue delay in Techlight's request for leave to amend. Moreover, Defendant has not argued—nor does the court find—that Plaintiff makes this request in bad faith or with a dilatory motive. The court also finds that Arrow will not face undue prejudice if Techlight is permitted to amend its Complaint as to Count IV, as Plaintiff has not previously amended its pleadings. Additionally, although the parties dispute the viability of Techlight's claim under the proposed amendment to Count IV, *compare* Pl.'s Reply 8-9 *with* Def.'s Opp'n 7-8, 12, the court determines that such an amendment would not be futile. The court, therefore, will grant Plaintiff leave to amend its Complaint as to Count IV (Breach of Contract).

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Amended Motion for Reconsideration of Court's Order Denying Leave to Amend Plaintiff's Original Complaint (Doc. 43), and **grants** Plaintiff leave to **amend and file** its Complaint (Doc. 1) as to Count IV (Breach of Contract) by **November 22, 2021**. The court cautions Plaintiff that it is not to file or assert any claim that has been dismissed.

**It is so ordered** this 12th day of November, 2021.

Sam A. Lindsay
United States District Judge