IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D.A. SCHOGGIN, INC, d/b/a TECHLIGHT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-CV-02830-L** |
| ARROW ELECTRONICS, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion Seeking Leave to File Second Amended Complaint ("Motion") (Doc. 70), filed April 25, 2022. In the Motion, Plaintiff asks the court to permit a second amended complaint to add new claims for breach of contract, fraudulent inducement, and violations of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Doc. 70 at 5-6. After careful consideration of the motion, response, reply, pleadings, record, and applicable law, the court **denies** Plaintiff's Motion Seeking Leave to File Second Amended Complaint (Doc. 70).

### I.  Relevant Factual and Procedural Background

D.A. Schoggin, Inc. d/b/a Techlight ("Plaintiff" or "Techlight") filed its Complaint against Arrow Electronics, Inc. ("Defendant" or "Arrow") on November 26, 2019, asserting four causes of action related to allegedly defective lighting components. *See* Docs. 1, 56. "Techlight manufactures high-intensity LED lighting products for indoor and outdoor use," and each lighting unit "contains a printed circuit board ("PCB") onto which one or more lighting-emitting diodes have been surface-mounted using solder." Doc. 56 at 3. Arrow submitted a Custom Product Proposal ("Proposal") to Techlight to provide the specified PCBs. Docs. 70 at 6; 75 at 8. The

Proposal provided that Arrow, through its subsidiary ETG, would produce and supply the PCBs, and that:

> ETG will modify the current MKR drawings to update to the Cree XHP50 and XHP70 LED and create new gerber files for this design. ETG will manufacture, package, and ship the final light engine(s) from our China manufacturing facility to our Reno warehouse for distribution to customer.

Doc. 70 at 6, quoting Doc. 21.

Arrow supplied the PCBs at issue here, as well as other custom PCBs Techlight ordered, through Fairway Electronic Co. Ltd.'s ("Fairway") facility in China. Doc. 75 at 9.

Techlight alleges that, after receiving and incorporating the PCBs into its lighting units, or "luminaires," sold to customers, Techlight was notified by one of its customers "that a significant number of the recently-installed Techlight luminaires had stopped functioning," and caused Techlight to lose additional sales. Doc. 70 at 7. Techlight alleges that Arrow "refused to take responsibility for its defective parts," and brought this lawsuit on November 29, 2019. Id.

The court granted Defendant's Motion to Dismiss certain non-contractual claims asserted in the Original Complaint, and found that the Proposal was the operative contract between the parties. *See* Doc. 54. Plaintiff then filed an Amended Complaint for breach of contract on November 22, 2021, alleging that Arrow breached the parties' agreement "by suppling defective Arrow PCBs and failing and refusing to offer or provide any remedy for the defective Arrow PCBs." Doc. 56 at 9.

Techlight filed the instant Motion on April 25, 2022, seeking leave to file a second amended complaint to bring three new claims, and justifying the late motion by stating that the discovery of Fairway as a third-party manufacturer of the allegedly defective lights is a newly-discovered evidence of new claims. Doc. 70 at 5. Specifically, Techlight seeks leave to claim that

**Memorandum Opinion and Order – Page 2**

Arrow breached the Proposal by providing PCBs that were manufactured by a non-subsidiary of Arrow, fraudulently induced Techlight into the Proposal by misrepresenting the source of the PCBs, and engaged in unfair competition in violation of Section 1125 of the Lanham Act. *Id.* at 10-11.

For the reasons set forth herein, the court **denies** the Motion.

## II.     Legal Standard for Leave to Amend under Rule 16(b)

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (internal quotation marks, brackets, and citations omitted).

**III.   Discussion**

   A. *Plaintiff's Motion and responses*

Plaintiff asks the court to permit it file a Second Amended Complaint under Federal Rules of Civil Procedure 15(a) and 16(b). Techlight states it newly discovered that

> (1) all of the Arrow PCBs at issue were manufactured by a company called Fairway Electric Co., Ltd., (2) Fairway is completely unaffiliated with Arrow or its subsidiary, ETG, and (3) at the time Arrow provided the Arrow Proposal to Techlight, it secretly intended to have the Arrow PCBs manufactured by Fairway, despite its representations to the contrary.

Doc. 70 at 5. These revelations are a breach of the Proposal, Techlight claims, because the Proposal states that "ETG will manufacture, package, and ship the final light engines from our China manufacturing facility to our Reno warehouse for distribution to customer." *Id*. Techlight asserts that because the PCBs were manufactured by Fairway, a third-party, Arrow breached "its promise to manufacture the Arrow PC Bs at ETG's 'China manufacturing facility.'" *Id*. Techlight claims that Arrow misrepresented the manufacturing source of the PCBs to induce Techlight into agreement. *Id*. 70 at 10-11. Thus, Techlight seeks to ament to add claims for breach of the manufacturing obligation in the Proposal, fraudulent inducement, and violations of Section 1125(a)(1)(A) of the Lanham Act. *Id*. at 19.

To justify the untimely Motion, Techlight states that it did not know that Fairway was a third-party manufacturer until after Arrow responded to Techlight's Interrogatories and follow-up inquiry on April 8, 2022. *Id*. at 10. In response, Arrow contends that the court should not grant Techlight leave to amend past the scheduling order deadline because the Motion is both untimely, unimportant to the case, and unduly prejudicial to Arrow. Doc. 75 at 7-8.

Arrow asserts that the Motion is untimely because "Techlight plainly knew that the PCBs it was purchasing from Arrow were being manufactured at Fairway," and points to evidence that Techlight had notice both before filing suit and after the suit commenced. *Id*. at 9-12. Specifically, Arrow argues that Techlight had prelitigation notice from: (1) its own website which listed Fairway as a manufacturer; (2) the Proposal identified Arrow's "Dedicated Team" that would "liaise" and "support" the factory that built the PCBs; (3) email exchanges between representatives at Arrow and Techlight that identify Fairway by name as a third-party manufacturer of the PCBs for Techlight's other orders; and (4) the PCBs' shipping labels that identified Fairway as the source manufacturer. *Id*. After commencing litigation, Arrow asserts, Techlight had notice that Arrow did not manufacture the PCBs because Arrow, in its Answer (Doc. 34) and Amended Answer (Doc. 67), asserted an affirmative defense that "one or more third parties, not Arrow, manufactured the allegedly defective products or parts," and Arrow disclosed Fairway as a person of discoverable information under Rule 26(a)(1)(i). *Id*. at 12.

Arrow also appears to argue that Techlight's proposed claims are unsubstantiated and therefore unimportant. Arrow rejects Techlight's claim that manufacture by Fairway is a breach of the Proposal because the Proposal does not promise that manufacturing be completed by an Arrow-owned entity, but that Arrow would "manufacture, package, and ship the final light engines(s) [i.e., the PCBs] from our China manufacturing facility." *Id*. at 10, quoting the Proposal, Doc. 21 at 9. Arrow points out that the Proposal does not state that Arrow would own the manufacturing facility or that "anyone with Arrow worked *for* the Fairway factory, only those at Arrow who would liaise with and support Fairway as it produced the PCBs." *Id*. at 10 (emphasis in original).

**Memorandum Opinion and Order – Page 5**

Finally, Arrow asserts that the proposed new claims are highly prejudicial because they are based on a new breach of contract theory; that is, Techlight's proposed new claims allege reliance on the Proposal, which is contrary to Techlight's earlier position in its Original Complaint that the Proposal was not the operative contract. *Id*. at 8.  Arrow also asks the court to award its attorney's fees and costs incurred opposing the Motion. *Id*. at 28.

Techlight argues in reply that the evidence Arrow relies upon does not establish that Techlight had actual knowledge that Fairway was not an entity of Arrow, and thus manufacture by an unaffiliated Chinese entity violates the Proposal. Doc. 79 at 2-5.

*B. Analysis*

Here, the court determines that Techlight has not shown good cause under Rule 16(a) to permit amendment of the court's Fourth Scheduling Order for the reasons Arrow sets out in its Response. First, Techlight has not shown a sufficient explanation for its untimely request. Arrow points to multiple pieces of evidence that it asserts—and the court agrees—put Techlight on notice that the PCBs were manufactured by a third-party and that Fairway was the manufacturer, both prior to and after commencing litigation. The court finds the evidence persuasive, and determines that Techlight's offered reasons for delay fail to show good cause for amendment.

Further, the proposed claims would prejudice Arrow by altering the legal theory of the case after the close of discovery. The proposed claims assert a new theory of the case, specifically that Arrow fraudulently induced Techlight into the Proposal, and then breached it. Arrow has not conducted discovery on the new claims because the deadline for discovery has passed. To allow Techlight to change its theory this late in litigation would cause prejudice to Arrow and unnecessarily delay the trial of this action.

**Memorandum Opinion and Order – Page 6**

Moreover, Techlight has failed to show that it could not have met the pleadings deadline despite the exercise of diligence. One of Plaintiff's offered reasons for delay is that the parties did not engage in substantive discovery until the court ruled on Techlight's pending Amended Motion for Reconsideration and the parties completed mediation. Doc. 70 at 8-9. At the time Techlight filed its Amended Motion for Reconsideration on January 20, 2021, the court's original Scheduling Order controlled the case deadlines. As there was no stay regarding the parties' ability to conduct discovery, the court finds this argument unavailing. A delay on a court ruling on a motion, alone, does not dissolve a party of its obligation to conduct necessary discovery. If Techlight wanted to hold discovery, that should have been accomplished by a motion to stay discovery.

The court has, however, granted the parties' four joint motions to amend the scheduling order, extending the deadlines for discovery each time but not the deadline for amendments of pleadings. *See* Docs. 53, 58, 59, 74. In the most recent order granting the parties' request, the court's Fourth Amended Scheduling Order (Doc. 74) notified them that "[t]his is the last time the court will extend any pretrial deadlines or the trial date," and "no pretrial deadlines will be extended" due to the age of the case. Notably, in the parties' most recent joint motion asking the court to issue the Fourth Amended Scheduling Order, Techlight did not ask for an extension to the deadline to amend the pleadings. Techlight filed this Motion on April 25, 2022, nearly a year after April 28, 2021, the deadline to amend the pleadings set forth in the court's Original Scheduling Order (Doc. 38). Techlight has not shown good cause to justify delay again for "an old case" that has already been delayed. *See* Doc. 74 at 1. For these reasons, the court **denies** the Motion.

As for Arrow's request for attorney's fees and costs in preparing its responsive brief, the court does not find that the Motion, although untimely, is a failure or refusal to follow the orders

of the court, as Arrow states, such that sanctions are appropriate. *See* Doc. 75 at 28-29. For this reason, the court **denies** Arrow's request for attorney's fees and costs.

## IV. Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion Seeking Leave to File Second Amended Complaint (Doc. 70). The Fourth Amended Scheduling Order continues to govern the deadlines in the case.

**It is so ordered** this 27th day of October, 2022.

                                      Sam A. Lindsay
                                      United States District Judge